### JOHNSTON v. HOLMES.

1. .Where the Brief fails to furnish a copy of the complaint in an action of claim and delivery, it cannot be held that the complaint fails to state facts sufficient to constitute a cause of action.
2. In action of claim and delivery, the judge properly submitted the facts to the jury, and their findings of fact cannot be reviewed on appeal.

Before NORTON, J., Hampton, October, 1888.

Action of claim and delivery by J. C. Johnston against W. O. Holmes and J. A. Youmans (constable), for the recovery of certain personal property which had been distrained by defendants, in behalf of Mrs. S. J. Holmes, for rent alleged to be due to Mrs. Holmes by plaintiff. This rent was claimed under a contract whereby plaintiff purchased a lot of land from Mrs. Holmes, to be paid for in instalments, but if these instalments were not paid, payments made were to be credited on a rent account. Mrs. Holmes claiming that the instalments were not paid, and that there was rent in arrears, the distress was made. Plaintiff claimed that he had fully paid the purchase money to W. O. Holmes, as agent. W. O. Holmes admitted payments of money to him, but denied that they were for Mrs. Holmes, or that he was then the agent of Mrs. Holmes. Verdict was for plaintiff, and defendants appealed.

*Mr. W. S. Tillinghast,* for appellant.

*Mr. E. F. Warren,* contra.

March 29, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, respondent, went into possession of a certain tract of land in Hampton County, containing some three acres, under an agreement as follows, to wit: Plaintiff was to pay R. G. Holmes, agent of S. J. Holmes, one hundred and forty dollars and interest for a tract of three acres of land and a house in four instalments; that first

instalment of $20 was paid to R. G. Holmes and acknowledged, and that if Johnston failed to pay the instalments, what he had paid should be applied to rent. The contract had been misplaced, but the above was agreed to at the trial as containing the contents of said contract. The land, it seems, belonged to Mrs. S. J. Holmes, the wife of R. G. Holmes, who made the contract as agent of his wife. Sometime after this the defendant, W. O. Holmes, claiming to be the agent of Mrs. S. J. Holmes, to wit, in June, 1886, received from Johnston the balance of the purchase money, $133.93, but not making titles to Johnston, because, as is stated, of a mortgage over the land existing at that time, to secure the titles to be made at some future time, executed a mortgage of a certain horse to Johnston; and titles not having been made in July, 1887, Johnston gave W. O. Holmes a receipt, of which the following is a copy, to wit: "Received the 9th of July, of W. O. Holmes, the within described horse as satisfaction in full of the obligation herein contained. Witness my hand and seal this 11th day of July, 1887." This, we suppose, was endorsed on the mortgage of the horse.

Johnston still remained in possession, and on October, 1887, the defendant, claiming to be agent of Mrs. S. J. Holmes, issued a distress warrant for rent alleged to be due, which was executed by seizing the property now in dispute. Thereupon the plaintiff brought the action below for the recovery of said property. There is no copy of the complaint in the "Case," but it is stated that the action was an ordinary action of claim and delivery. The verdict was for the plaintiff. It seems that the main question below was, whether W. O. Holmes was the agent of Mrs. S. J. Holmes in the transaction about the horse. There was also another question, to wit, whether Johnston was in possession as a tenant or a purchaser. The appellant's exceptions are appended:

"EXCEPTIONS.—1. That his honor, Judge Norton, erred in overruling the demurrer that the complaint did not state facts sufficient te constitute a cause of action, in this: that an action of claim and delivery cannot be brought by a tenant against his landlord for the goods distrained for rent.

"2. That his honor erred in charging the jury, that in any view

of the case S. J. Holmes, a married woman, could be bound by the conduct of defendant, W. O. Holmes, in receiving the money of J. C. Johnston on deposit, and subsequently repaying same, S. J. Holmes being no party thereto, and there being no evidence whatever that W. O. Holmes was agent of Mrs. Holmes, or that Mrs. Holmes had any knowledge of the transaction. 3. That his honor erred in refusing to charge the jury that there was no evidence connecting Mrs. Holmes with the said mortgage contract of W. O. Holmes, when plaintiff testified that he thought W. O. Holmes was agent, because he saw a notice posted by W. O. Holmes to that effect, which the judge properly charged was no proof of W. O. Holmes being appointed agent by Mrs. Holmes. 4. That the verdict of the jury is contrary to the law and charge of the judge, in this : the plaintiff receded from his contract, failed to meet the instalments to S. J. Holmes or R. G. Holmes on the contract of purchase, rescinded his contract with W. O. Holmes, got full satisfaction by delivery of the horse, continued in possession of the house and land after his receipt for a considerable time, yet he recovered by the verdict all the distrained property, and pays no rent at all. 5. That the verdict is contrary to the statute of frauds, in this : that to bind Mrs. Holmes in her land, 'or any interest in or concerning' same, the agreement must be in writing, signed by the party, or 'lawfully authorized person.' 6. That the verdict is contrary to the overwhelming weight of evidence; plaintiff admitted possession and use for a length of time after W..O. Holmes had, paid him back his money in full, yet paid no rent even for such time."

As to the first. The complaint not being in the record, of course we cannot know precisely what it contained. It is stated, however, that the action was an ordinary action of claim and delivery, and we suppose that the complaint contained all the necessary allegations of such action, and if so (and there is nothing appearing to the contrary), we must conclude that a cause of action was stated therein. We do not suppose that the plaintiff acknowledged in the complaint that he was tenant of, and that the action was against his landlord to recover property which he had distrained for rent.

The legal proposition embraced in the 2nd exception is based

upon a statement of facts, which the trial judge could not assume to be true. These were for the jury. The 3d, 4th, and 6th raise questions of fact, and are, therefore, beyond our jurisdiction. We do not see the application of the 5th exception. There is no error alleged therein to the trial judge.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.